IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 17-70 |
| JEFFREY ALLEN BURGESS | |

GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Cindy Chung and Rachael Dizard, Assistant United States Attorneys for said district, and Tona Boyd Cartwright, Trial Attorney, Department of Justice, Civil Rights Division, Criminal Section, and respectfully files its sentencing memorandum. The Government submits that the sentencing factors weigh in favor of imposing the agreed-upon sentence.

The offense of conviction is a serious offense, which involved the defendant inflicting injury upon the victim. Specifically, while at the bar portion of an area restaurant, the intoxicated defendant used various racial slurs against the victim and then proceeded to repeatedly strike the victim about the head. Paramedics responded to the restaurant, where they assessed the victim and observed a molar "becoming unstable and moveable in position." The victim was transported to St. Clair Hospital where he was diagnosed with maxillary alveolar fracture; loose tooth; and closed head injury, and where he was prescribed medication for pain management. In the time period following the incident, the defendant told a friend that he "probably" made the racist statements reported in the media and that he believed he may have made those statements because of built-up hostility towards "Muslims" or people of Arabic descent from his days serving as a bellman in New York City, where, allegedly, these guests were rude to him and did not tip. In sum, this

assault was motivated by the victim's perceived race and caused the victim to suffer injuries. See 18 U.S.C. § 3553(a)(1).

The defendant has no criminal history and, after becoming sober, was remorseful and cooperative with law enforcement. Id.

The sentencing guidelines call for a term of imprisonment in the range of eight to fourteen months that may be satisfied by a condition, or combination of conditions, that substitute intermittent confinement, community confinement, or home detention for imprisonment. The agreed-upon sentence has been discussed fully with the victim and the government continues to communicate with the victim as part of the process in this case. The government submits that the agreed-upon sentence effectively addresses the factors that should be considered in fashioning an appropriate sentence in this case; specifically, it accounts for the defendant's lack of criminal history while also accounting for the seriousness of this crime and the harm posed to the community. Therefore, it is the government's position that the agreed-upon sentence is appropriate. See 18 U.S.C. § 3553(a)(3).

The victim in this case has not yet submitted a figure for the victim's financial loss, or predicted financial loss, for restitution. However, as noted above, the government continues to communicate with the victim and the government will submit a restitution figure to the Court, should the government become aware that restitution is appropriate. 18 U.S.C. § 3553(a)(7).

The government is unaware of any need for forfeiture in this matter.

In considering all of the above, the government respectfully submits that the agreed-upon sentence is the appropriate disposition in this case.

Wherefore, the Government respectfully submits its sentencing memorandum.

                                        Respectfully submitted,
                                        SCOTT W. BRADY
                                        United States Attorney

By:    /s/ Cindy Chung
          CINDY CHUNG
          Assistant U.S. Attorney
          PA ID No. 317227

          /s/ Rachael L. Dizard
          Rachael L. Dizard
          Assistant U.S. Attorney
          PA ID No. 315482

          /s/ Tona Boyd Cartwright
          TONA BOYD CARTWRIGHT
          U.S. Department of Justice
          Civil Rights Division, Criminal Section
          Trial Attorney
          CA ID No. 270975