AO 245B (Rev. 02/18)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Pennsylvania

| UNITED STATES OF AMERICA | | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | | |
| | | Case Number: CR NO. 17-00070-001 |
| JEFFREY ALLEN BURGESS | | USM Number: 38368-068 |
| | | Andrew Lipson, AFPD |
| | | Defendant's Attorney |

**THE DEFENDANT:**

X   pleaded guilty to count(s)   1

☐  pleaded nolo contendere to count(s)
   which was accepted by the court.

☐  was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 249(a)(1) | Hate Crimes Prevention Act | 11/22/2016 | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☐  Count(s) _____ ☐ is   ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 6, 2018
Date of Imposition of Judgment

_Nora Barry Fischer_
Signature of Judge

Nora Barry Fischer, United States District Judge
Name and Title of Judge

April 6, 2018
Date

AO 245B (Rev. 02/18)    Judgment in a Criminal Case
Sheet 4—Probation

Judgment—Page ___2___ of ___5___

DEFENDANT:        JEFFREY ALLEN BURGESS
CASE NUMBER:    CR NO. 17-00070-001

## PROBATION

You are hereby sentenced to probation for a term of :  Three (3) years.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.
     ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.   ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8.   You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9.   If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10.  You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution,

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18)    Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page ___3___ of ___5___

DEFENDANT:        JEFFREY ALLEN BURGESS
CASE NUMBER:      CR NO. 17-00070-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 02/18)    Judgment in a Criminal Case
                        Sheet 4D — Probation

DEFENDANT:        JEFFREY ALLEN BURGESS
CASE NUMBER:      CR NO. 17-00070-001

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not illegally possess a controlled substance.

2. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

3. The defendant shall be placed on home detention for a period of four (4) months, to commence as soon as arrangements can be made by the Probation Office. The defendant shall abide by all technology requirements. The location monitoring technology requirement, that is Radio Frequency (RF), Global Positioning System (GPS) or Voice Recognition, is at the discretion of the Probation Officer. During this period of home detention, the defendant shall remain at his residence except for employment; education; religious services; medical; substance abuse or mental health treatment; attorney visits; Court appearances; Court ordered obligations; or other activities as pre-approved by the Probation Officer. During this time, the defendant shall comply with the rules of the location monitoring program and may be required to maintain a landline telephone, without special features, at his place of residence. Based upon defendant's ability to pay, he shall pay all or part of the costs of participation in the location monitoring program as directed by the Court and the Probation Officer, but not to exceed the contractual rate.

4. The defendant shall perform 50 hours of community service as approved and directed by the Probation Officer. The defendant shall be responsible for providing the Probation Officer with written proof of the number of hours completed.

5. The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse as directed by the probation officer, until such time as the defendant is released from the program by the Court. Further, based upon defendant's ability to pay, the defendant shall be required to contribute to the costs of services for any such treatment in an amount to be determined by the probation officer but not to exceed the actual cost. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

6. The defendant shall not intentionally purchase, possess and/or use any substance(s) designed to simulate or alter in any way the defendant's own urine specimen. In addition, the defendant shall not purchase, possess and/or use any device(s) designed to be used for the submission of a third party urine specimen.

7) The defendant shall participate in an alcohol aftercare treatment program approved by the probation officer, which may include urine testing, until released from the program by the Court. Defendant shall not use or possess alcohol. Based upon defendant's ability to pay, defendant shall be required to contribute to the costs of the services in an amount determined by the probation office. These costs shall not exceed the actual cost of the service.

8) The defendant shall attend, successfully complete, and based upon defendant's ability, pay for any diagnostic evaluations and treatment or counseling programs for anger management, as directed by the probation officer.

9) The defendant shall cooperate in the collection of DNA as directed by the Probation Officer, pursuant to 28 C.F.R. Section 28.12, the DNA Fingerprint Act of 2005 and the Adam Walsh Child Protection and Safety Act of 2006.

10) Defendant shall fully participate in a Restorative Justice Program administered by the Center for Victims. Defendant shall be responsible for providing the probation officer with written proof of completion of the program

AO 245B (Rev. 02/18)    Judgment in a Criminal Case
                  Sheet 5 — Criminal Monetary Penalties

|  |  |
|---|---|
|  | Judgment — Page   5   of    5    |

DEFENDANT:        JEFFREY ALLEN BURGESS
CASE NUMBER:     CR NO. 17-00070-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 (paid 4/6/18) | $ | $ | $ TO BE DETERMINED AT A LATER DATE (SEE ORDER OF 4/6/18) |

☐  The determination of restitution is deferred _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered until after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for  ☐ fine  ☐ restitution.

    ☐  the interest requirement for  ☐ fine  ☐ restitution is modified as follows:

\*   Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*  Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.